In re Roger M. **FISCHER**, Judge of the Court of Common Pleas, Sixth Judicial District, Erie County.

No. 7 JD 94.

Court of Judicial Discipline of Pennsylvania.

April 13, 1995.

Before: McCLOSKEY, President Judge, and BURNS, DePAUL, DONOHUE, CASSEBAUM, JOHNSON and MAGARO, JJ.

PER CURIAM.

In accordance with C.J.D.R.P. No. 504(B), the Court hereby issues the following decision.

## FINDINGS OF FACT

The Court adopts the following stipulations of fact submitted by the parties:

1. Judge Roger M. Fischer, the Respondent, is a duly elected Judge of the Court of Common Pleas serving the Sixth Judicial District. (Stip.Fact No. 2.)

2. The Respondent commenced his service as Judge of the Court of Common Pleas of Erie County, Pennsylvania on or about September of 1983 and since that date has served continually in that capacity. (Stip.Fact No. 3.)

3. The Respondent, in 1989, was appointed Judge of the Orphans' Court Division of the Erie County Court of Common Pleas. (Stip.Fact No. 4.)

4. The Respondent, in his capacity as Judge of the Orphans' Court, had various and sundry administrative responsibilities and a broad spectrum of cases pertaining to decedent's estates and adoptions. (Stip.Fact No. 5.)

5. The Respondent failed to render a decision in a timely fashion in the Estate of Kratzke. (Stip.Fact No. 6.)

6. The Respondent failed to render a decision in a timely fashion in the Estate of Phillips. (Stip.Fact No. 7.)

7. The Respondent failed to render a decision in a timely manner with regard to nineteen Petitions for Termination of Parental Rights brought before the Court as identified in the Complaint of the Judicial Conduct Board (Board Complaint). (Stip.Fact No. 8.)

8. The Respondent's failure to render timely decisions was due in part to an extraordinary case load and time constraints. (Stip.Fact Nos. 5–7).

The Court hereby finds the following additional facts:

9. The Board has withdrawn the following Counts of the Complaint: 1 through 8, 10 through 17, and 19 through 26.

10. Judge Fischer's failure to render timely decisions placed a burden upon the litigants appearing before him.

11. As Judge of the Orphan's Court Division, Judge Fischer's responsibilities pertained in large part to involuntary termination of parental rights, estates and adoptions.

12. Judge Fischer received letters from litigants and colleagues regarding his delay in rendering decisions.

13. Judge Fischer participated in many voluntary extra-judicial professional activities during the period he delayed rendering decisions, and during which period he claims to have had an extraordinary case load.

14. Judge Fischer took corrective actions to address his delay only after the Judicial Conduct Board initiated its investigation against him.

15. The Respondent, as part of an agreement with the Judicial Conduct Board, has agreed to the conditions of Stipulated Finding of Fact No. 9, which is summarized in pertinent part below:

(a) Implement a tickler system wherein all cases which are ripe for decision are monitored as to timeliness.

(b) See to the implementation and acquisition of a second law clerk who will assist in preparing and filing decisions which are ripe for decision.

(c) Decide, upon obtaining a second law clerk, any case which is currently ninety (90) days in arrears prior to June 28, 1995.

(d) Be transferred from the Orphans' Court Division to the Domestic Relations Division of the Court of Common Pleas.

(e) Relinquish some administrative duties to his office staff to free up decision-making time, i.e., scheduling administrative duties.

16. Judge Fischer did not act with malicious intent with regard to the rights of litigants in failing to render prompt decisions.

## CONCLUSIONS OF LAW

### *Introduction*

The Respondent has admitted to the violations in Counts 9, 18 and 27 of the Board's Complaint, all of which involve the charge that he engaged in conduct which constitutes neglect or failure to perform the duties of office, and which arose in the context of two estate cases and numerous cases involving the involuntary termination of parental rights.

The Court hereby concludes:

1. The Respondent engaged in conduct constituting a neglect or failure to perform the duties of office with regard to the Estate of Kratzke.

2. The Respondent engaged in conduct constituting a neglect or failure to perform the duties of office with regard to the Estate of Phillips.

3. The Respondent engaged in conduct constituting a neglect or failure to perform the duties of office with regard to the nineteen Petitions for Termination of Parental Rights enumerated in the Board's Complaint.

4. The Respondent is subject to disciplinary sanctions under Article V, § 18(d)(1) of the Pennsylvania Constitution.

5. Under § 18(d)(1), this Court may suspend, remove, or otherwise discipline a judicial officer when the Court has determined that he or she has engaged in conduct that constitutes neglect or failure to perform the duties of his or her office. That language vests this Court with great discretion in determining the sanctions to be imposed upon a judicial officer.

McGINLEY, J., did not participate in the consideration or disposition of this Decision.

### ORDER

AND NOW, this 13th day of April, 1995, based upon the Findings of Fact and Conclusions of Law, this Court enters the following ORDER:

■ 1. The Respondent is hereby REPRIMANDED. The Court's decision is based in part on the following determinations:

(a) Judge Fischer failed to carry out a fundamental obligation of his position as a jurist in this Commonwealth to render prompt justice. This failure not only prejudiced the litigants appearing before him, but also cast a cloud over the administration of justice in this Commonwealth.

(b) Judge Fischer's dereliction of duty in failing to render prompt decisions is all the more regrettable because his cases involved children temporarily placed in foster care. Their futures were dependent on Judge Fischer's disposition of petitions involving the involuntary termination of their mothers' and fathers' parental rights.

(c) Even when prodded by letters, from litigants and his colleagues on the bench, urging him to render long overdue decisions, he did not respond with the alacrity and attention to duty which the citizens of this Commonwealth have every right to expect.

(d) Judge Fischer failed to request help to meet his obligations and at the same time he participated in many voluntary extra-judicial professional activities. If Judge Fischer had elected not to participate in such elective activities, he could have devoted more time to the mandatory duties of his elected position as a Common Pleas Court judge. His first obligation is to the mandatory duties of his elected position as a Common Pleas Court judge.

(e) Although this Court commends Judge Fischer for eventually seeking to establish a system that would enable him to render timely decisions, he did so only after the Judicial Conduct Board initiated this action against him.

(f) This Court finds Judge Fischer's conduct has eroded the public's confidence in Pennsylvania's judicial system.

(g) This Court's sanction would have been more severe if there was evidence of malicious disregard for the rights of litigants. However, the testimony at the sanction hearing indicates that the Respondent was misguided in his judgment and priorities, and that he had failed to develop an administrative system to handle his case load.

■ 2. The Court directs the Respondent to comply with the terms of his agreement with the Judicial Conduct Board regarding administrative procedures to be followed in managing his case load. The Court specifically notes, however, that neither the Court nor the Board can interfere with the President Judge of the Court of Common Pleas of Erie County in the administration of that court and its divisions.

3. By this Order, therefore, the Court hereby formally reprimands Judge Fischer for his conduct, which constituted a neglect or failure to perform the duties of his office.

McGINLEY, J., did not participate in the consideration or disposition of this Decision.