**In re William R. SHAFFER, Judge of the Court of Common Pleas, Fiftieth Judicial District of Pennsylvania, Butler County.**

No. 3 JD 05.

Court of Judicial Discipline of Pennsylvania.

Sept. 15, 2005.

Order Filed Nov. 18, 2005.

Before: RICHARD A. SPRAGUE, P.J., JOSEPH A. HALESEY, ROBERT L. CAPOFERRI, PAUL P. PANEPINTO, LAWRENCE J. O'TOOLE, MARC SANDLER and WILLIAM H. LAMB, JJ.

OPINION BY Judge CAPOFERRI.

## I. *INTRODUCTION*

The Judicial Conduct Board (Board) filed a complaint with this Court on May 13, 2005 against Judge William R. Shaffer (Respondent) consisting of four counts which charge Respondent as follows:

1. Engaged in conduct which constitutes neglect or failure to perform the duties of office (Count 1).
2. Violated Canon 3A.(5) of the Code of Judicial Conduct (Count 2).
3. Violated Article V, § 17(b) of the Pennsylvania Constitution (Count 3).
4. Violated Canon 3B.(1) of the Code of Judicial Conduct (Count 4).

The Board and the Respondent have submitted stipulations of fact in lieu of trial under C.J.D.R.P. No. 502(D)(1) and a waiver of trial. The Court hereby accepts those stipulations of fact in pertinent part, recited below, as the facts necessary for the disposition of this case.

## II. *FINDINGS OF FACT*

1. Pursuant to Article V, Section 18 of the Constitution of the Commonwealth of

Pennsylvania and Judicial Conduct Board Rule of Procedure 31(A)(3), promulgated by the Pennsylvania Supreme Court on March 20, 1995 (amended 1996), the Board is granted authority to determine whether there is probable cause to file formal charges, and, when it concludes that probable cause exists, to file formal charges, against a justice, judge or, justice of the peace, for proscribed conduct and to present the case in support of such charges before the Court of Judicial Discipline.

2. Since on or about January 3, 2000, the Respondent has served continuously to the present as a duly-elected Judge of the Court of Common Pleas serving the Fiftieth Judicial District, Butler County, Pennsylvania.

3. The Court of the Fiftieth Judicial District of Pennsylvania (Butler County) was a non-division court with each member of the bench having full docket responsibilities.

4. At all times material to the claims set forth in this Board Complaint, case assignments in the Butler County Court of Common Pleas occurred through the Court Administrator or Prothonotary or Family Court independent of a judge's knowledge.

5. When a case is scheduled before an assigned judge, that judge has adjudicative and administrative responsibilities, including managing the case(s) and rendering a timely decision(s).

6. At all times material to the claims set forth in the Board Complaint, the Respondent had primary adjudicative and administrative responsibility within the Court of Common Pleas for the Fiftieth Judicial District (Butler County) for all matters on his docket.

7. The decisional delay in each of the nine (9) matters set forth in the Board Complaint was not justified by either the factual or legal complexity of the issues which were referred to be resolved prior to rendering a decision.

8. The policy of the Unified Judicial System of the Commonwealth of Pennsylvania is that any matter at any stage of a proceeding be brought to a fair conclusion as promptly as possible, consistent with the character of the matter and the resources of the system (see Pa. Rule of Judicial Administration Rule 703(A)).

9. Between July 2002[1] and March 2005, Respondent failed to render prompt decisions in the following nine cases, and also failed to comply with the substantive requirements of Pennsylvania Rule of Judicial Administration 703(B), Reports of Judges, by not listing the following cases as matters that had been submitted to him for decision and that remained undecided for ninety (90) days or more as of the last day of the reporting period. True and correct copies of all of Respondent's 703 Reports (January 2002 to the present) were attached to the Board Complaint as Exhibit 1 and are made a part hereof by reference.

10. By failing to comply with Pa. R.J.A. No. 703(B)(1), et seq., the Respondent prevented the Administrative Office of the Pennsylvania Courts (AOPC), the President Judge of the Fiftieth Judicial District, and/or the Court Administrator from monitoring his dockets in order to address problem areas promptly; or to take such corrective action(s) which may have been deemed appropriate.

## CASE NO. 1

*Sherri S. Burr v. Allan W. Burr,* DRS No. 23412

11. This case commenced with the filing of a Petition for Modification of Child

1. The Board's complaint and the stipulations filed by the parties state this date as "July 2000." The correct date however is July 2002.

Support, on September 17, 2002. A true and correct copy of the docket entries are submitted under separate cover, made a part hereof by reference, and marked as "Board Exhibit 2".

12. A support conference was held and an interim Order was entered on November 13, 2002, for child support. Allan W. Burr filed a timely demand for a *de novo* hearing on November 21, 2002.

13. A *de novo* hearing scheduled for January 21, 2003, which was continued pending a decision from the Social Security Administration on Allan W. Burr's claim for disability benefits.

14. The *de novo* hearing was held on April 9, 2003, at which both parties testified.

15. The record was held open for forty-five (45) days for the receipt of the transcript of the deposition of Allan W. Burr's doctor.

16. The doctor's deposition was held on July 22, 2003.

17. A copy of the deposition transcript was hand-delivered to the Respondent's chambers in August 2003, on which date the matter was ripe for disposition.

18. The Respondent entered an Order for child support on July 7, 2004.

19. The parties awaited a decision for approximately eleven (11) months.

20. Sherri S. Burr filed a timely request for reconsideration in July 2004. Argument on the motion for reconsideration was held on September 17, 2004.

21. The Respondent failed to enter any type of order within the 120 days of the granting of the Request for Reconsideration.

22. A timely appeal was then filed to Superior Court which remains pending.

23. The Superior Court on February 9, 2005, ordered the Respondent to complete his opinion and transmit the record by February 16, 2005.

24. The decisional delay in this case was unreasonable and unjustifiable under the circumstances.

## CASE NO. 2

*Barbara M. Snyder v. Craig L. Snyder,* DRS No. 25521

25. This case commenced with the filing of a Petition for Support on December 17, 2001, following the parties' separation. A true and correct copy of the docket entries are submitted under separate cover, made a part hereof by reference, and marked as "Board Exhibit 3".

26. An original determination of the appropriate amount of support was made in January 2002. Subsequently, the defendant retained new counsel and attempted to revisit the existing Order of Support.

27. A modification conference was held on August 5, 2002, and a decision was rendered.

28. The defendant again requested modification of the existing support order in January 2003. The matter was again scheduled for hearing in the Domestic Relations office and a decision was rendered by the hearing officer in May 2003.

29. A remand for a *de novo* hearing was filed and a hearing was held before the Respondent on August 15, 2003.

30. All testimony and pleadings were before the court in August 2003. However, a contempt hearing was scheduled to be heard in August 2004, at which time the parties appeared and brief additional testimony was offered by the defendant regarding his earning capacity. This was after no decision had been rendered since the August 15, 2003 hearing, one (1) year prior.

31. The Respondent never rendered or filed an opinion, order or decree disposing of the support matter. The parties entered into a comprehensive settlement of their divorce and collateral economic matters in January 2005, which included an agreement regarding the support matter. Consequently, as of January 13, 2005, the matter before the Respondent was rendered moot.

32. The parties awaited a decision for approximately seventeen (17) months.

33. The decisional delay in this case was unreasonable and unjustifiable under the circumstances.

## CASE NO. 3

*Alla Yanko v. Alexander Yanko, Alexander Yanko v. Alla Yanko*, F.C. No. 02–90576–C1 and C2

34. This case commenced with the filing of a Complaint for Custody on August 2, 2002.

35. A true and correct copy of the docket entries are submitted under separate cover, made a part hereof by reference, and marked as "Board Exhibit 4".

36. Final hearing before the Respondent was concluded October 21, 2003.

37. The parties proposed Findings of Fact and Conclusions of Law were filed on November 6, 2003, on which date the matter was ripe for disposition.

38. The Respondent's Memorandum Opinion and Order of Court was dated and docketed on February 28, 2005.

39. This case awaited a decision for approximately fifteen (15) months.

40. The decisional delay in this case was unreasonable and unjustifiable under the circumstances.

## CASE NO. 4

*James T. Fair, Jr. v. Deborah D. Hiles*, F.C. No. 96–90663–C

41. This case commenced with the filing of a Complaint for Custody on July 31, 2002. A true and correct copy of the docket entries are submitted under separate cover, made a part hereof by reference, and marked as "Board Exhibit 5".

42. The final hearing before the Respondent was concluded on February 11, 2004, on which date the matter was ripe for disposition.

43. The Respondent's Opinion and Order were filed on February 17, 2005.

44. This case awaited a decision for approximately twelve (12) months.

45. The decisional delay in this case was unreasonable and unjustifiable under the circumstances.

## CASE NO. 5

*Kym M. Dittmer v. Timothy T. Dittmer*, F.C. No. 00–90842–D

46. This case commenced with the filing of a Petition for Enforcement of Divorce Settlement Agreement and Contempt on March 25, 2002. A true and correct copy of the docket entries are submitted under separate cover, made a part hereof by reference, and marked as "Board Exhibit 6".

47. The final and only hearing on the matter was held on April 19, 2002, on which date the case was ripe for disposition.

48. The Respondent's Order was entered on February 17, 2005, dismissing the Petition.

49. This case awaited a decision for approximately thirty-four (34) months.

50. The decisional delay in this case was unreasonable and unjustifiable under the circumstances.

## CASE NO. 6

*Donna M. Walkowski v. Gary E. Walkowski*, F.C. No. 01–90043–D

51. This case commenced with a Complaint in Divorce filed on January 19, 2001. A true and correct copy of the docket entries are submitted under separate cover, made a part hereof by reference, and marked as "Board Exhibit 7".

52. On January 31, 2002, the matter was before the Respondent for a *de novo* hearing, on which date the case was designated complex and scheduled for a hearing on March 26, 2002.

53. The hearing was continued to and concluded on June 3, 2002. Both parties were required to have case summaries sent to the Respondent before June 30, 2002, which were submitted in a timely manner.

54. The case was ripe for disposition no later than June 30, 2002.

55. A decision disposing of spousal and child support was entered on March 3, 2005.

56. This case awaited a disposition for approximately thirty-four (34) months.

57. The decisional delay in this case was unreasonable and unjustifiable under the circumstances.

## CASE NO. 7

*Linda Peifer v. Melvin Peifer*, F.C. No. 02–90912

58. This case commenced with the filing of a Divorce Complaint on December 10, 2002. A true and correct copy of the docket entries are submitted under separate cover, made a part hereof by reference and marked "Board Exhibit 8".

59. A hearing was held on April 30, 2003, on the issues of bifurcation, interim counsel fees, costs and expenses, and *alimony pendente lite.*

60. This matter was ripe for disposition on April 30, 2003.

61. The Respondent never entered a decision.

62. The parties settled the matter within the last three (3) months.

63. This case awaited a decision for approximately twenty-one (21) months.

64. The decisional delay in this case was unreasonable and unjustifiable under the circumstances.

## CASE NO. 8

*George Smith, Jr. v. Linda C. Smith*, F.C. No. 02–90913–D

65. This case commenced with the filing of a Complaint in Divorce on December 10, 2002. A true and correct copy of the docket entries are submitted under separate cover, made part hereof by reference, and marked as "Board Exhibit 9".

66. A hearing was held before the Respondent on May 19, 2003, regarding Petitions to Enforce Settlement Agreement and court order and for special relief.

67. The matter was ripe for disposition no later than May 19, 2003.

68. The Respondent entered an Order on March 2, 2005.

69. The parties settled the matter within the last three (3) months.

70. This case awaited a decision for approximately thirty-four (34) months.

71. The decisional delay in this case was unreasonable and unjustifiable under the circumstances.

## CASE NO. 9

*Gary and Christina Minehart v. Theresa Minehart*, DRS No. 27281

72. This case commenced with the filing of a Petition for Support filed on August 26, 2003. A true and correct copy of the docket entries are submitted under separate cover, made part hereof by reference, and marked as "Board Exhibit 10".

73. A *de novo* child support hearing was held before the Respondent on January 9, 2004.

74. The matter was ripe for disposition no later than January 9, 2004.

75. A decision was filed on June 2, 2004.

76. The case awaited a decision for approximately six (6) months.

77. The decisional delay in this case was unreasonable and unjustifiable under the circumstances.

78. Since early March 2005, Respondent has kept current in his caseload and has timely filed complete and accurate 703 Reports.

79. Respondent has publicly acknowledged his errors, the delay and his failure to file complete 703 Reports as to the nine (9) cases. See Respondent's Answer, paragraphs seven (7) through thirteen (13).

80. Respondent has apologized for any difficulties he may have caused to the parties involved in the nine (9) cases, as well as for any adverse reflection on the Court System of the Commonwealth of Pennsylvania.

## III. DISCUSSION

The Court finds that the stipulations of the parties adopted as the Findings of Fact set out above support the charges made by the Judicial Conduct Board in

COUNT 1: neglect or failure to perform the duties of office (Pa. Const. Art. V, § 18(d)(1)),

COUNT 2: failure to dispose promptly of the business of the court (Code of Judicial Conduct, Canon 3A.(5)),

COUNT 3: violation of a canon of judicial ethics (Pa. Const. Art. V, § 17(b)), and

COUNT 4: failing to diligently discharge his administrative responsibilities (Code of Judicial Conduct, Canon 3 B.(1)).

We will discuss the charges in the order in which they appear in the complaint.

■ *COUNT 1:* The Respondent engaged in conduct which constitutes neglect or failure to perform the duties of office.

The Pennsylvania Constitution provides: A justice, judge or justice of the peace may be suspended, removed from office or otherwise disciplined for ... *neglect or failure to perform the duties of office* . . . .

Pa. Const. Art. V, § 18(d)(1) (emphasis added).

It is not open to question that prompt and expeditious disposition of the cases which come before him or her is among the duties of a judge. This Court has stated that it is "a fundamental obligation [of] a jurist in this Commonwealth to render prompt justice." *In re Fischer,* 657 A.2d 535, 537 (Pa.Ct.Jud.Disc.1995). Moreover, the Supreme Court of Pennsylvania, in exercising its responsibility to oversee the unified judicial system,[2] demonstrated the importance it places on the dispensing of prompt justice when it promulgated a Rule of Judicial Administration specifically designed to eliminate delay in the disposition of cases in the courts of the Commonwealth. In instituting this Rule— Rule 703 of the Rules of Judicial Administration—the Supreme Court announced the policy on which it is grounded; the Rule begins:

(A) Policy Statement. It is the policy of the unified judicial system that any matter at any stage of a proceeding be brought to a fair conclusion as promptly as possible, consistent with the character of the matter and the resources of the system. The requirements of this rule further specify and implement this policy in keeping with the Court's constitutionally mandated responsibility to oversee the prompt and proper disposition of the business of the Pennsylvania courts.

In addition, the Code of Judicial Conduct, adopted by the Supreme Court of Pennsylvania, requires that all judges "should dispose promptly of the business of the court."[3] So, the prompt disposition of cases unquestionably is included among

---

2. See Pa. Const. Art. V, § 10.

3. Code of Judicial Conduct, Canon 3A.(5).

the "duties of office" referred to in § 18(d)(1) of Article V of the Pennsylvania Constitution.

It is no less certain that the conduct of this Respondent described in the stipulated Findings of Fact constitutes the "neglect or failure to perform the duties of office" set forth in Art. V, § 18(d)(1) of the Pennsylvania Constitution. The stipulated Findings of Fact recount delays in the nine cases catalogued in the complaint of:

11 months *Burr v. Burr* (Case No. 1)

17 months *Snyder v. Snyder* (Case No. 2)

15 months *Yanko v. Yanko* (Case No. 3)

12 months *Fair v. Hiles* (Case No. 4)

34 months *Dittmer v. Dittmer* (Case No. 5)

34 months *Walkowski v. Walkowski* (Case No. 6)

21 months *Peifer v. Peifer* (Case No. 7)

34 months *Smith v. Smith* (Case No. 8)

6 months *Minehart v. Minehart* (Case No. 9)

Respondent's conduct in failing and neglecting to render decisions in the cases listed above—all of which were ripe for decision [4]—certainly constitutes the "neglect and failure to perform the duties of office" such that justifies the imposition of discipline under Art. V, § 18(d)(1) of the Pennsylvania Constitution.

*COUNT 2:* The Respondent violated Canon 3A.(5)—failure to dispose promptly of the business of the court.

Canon 3A.(5) of the Code of Judicial Conduct provides:

A. Adjudicative Responsibilities.

(5) A judge should dispose promptly of the business of the court.

As discussed above, there can be no denying—and in this case there is no denying—that the Respondent did not dispose promptly of the business of his court.

Thus, the Board has established a violation of Canon 3A.(5).

*COUNT 3:* The Respondent violated Article V, § 17(b) of the Pennsylvania Constitution.

Section 17(b) of Article V of the Pennsylvania Constitution provides:

Justices and judges shall not engage in any activity prohibited by law and shall not violate any canon of legal or judicial ethics prescribed by the Supreme Court. Justices of the peace shall be governed by rules or canons which shall be prescribed by the Supreme Court.

Inasmuch as Respondent violated Canon 3A.(5) of the Code of Judicial Conduct which is a "canon of . . . judicial ethics prescribed by the Supreme Court," he has violated § 17(b) of the Constitution. We have held numerous times that this violation is derivative and automatic. *See, e.g., In re Eagen,* 814 A.2d 304 (Pa.Ct.Jud.Disc. 2002); *In re Kelly,* 757 A.2d 456 (Pa.Ct. Jud.Disc.2000); *In re Joyce and Terrick,* 712 A.2d 834 (Pa.Ct.Jud.Disc.1998); *In re Smith,* 687 A.2d 1229 (Pa.Ct.Jud.Disc. 1996).

*COUNT 4:* The Respondent violated Canon 3B.(1).

Canon 3B.(1) provides:

A judge should diligently discharge his administrative responsibilities, maintain professional competence in judicial administration, and facilitate the performance of the administrative responsibilities of other judges and court officials.

■ Among the administrative responsibilities of "Every judge [is to] keep a record of each matter that has been submitted to the judge for decision and which remains undecided." Rules of Judicial Administration, Rule 703B.(1). Rule 703B.(2) requires "Every judge [to] compile a semi-annual report stating whether the judge has any matter that has been submitted to the judge for decision and remains undecided for ninety days or more as of the last day of the reporting period."

---

4. See Findings of Fact.

It is stipulated and is set out in Findings of Fact No. 9 that:

9. Between July 2002 and March 2005, Respondent failed to render prompt decisions in the nine cases [listed in Findings of Fact Nos. 11–77], and also failed to comply with the substantive requirements of Pennsylvania Rule of Judicial Administration 703(B), Reports of Judges, by not listing the said cases as matters that had been submitted to him for decision and that remained undecided for ninety (90) days or more as of the last day of the reporting period.

We note that the form provided by the Supreme Court to be used for compliance with the reporting requirements of R.J.A. 703 directs the reporting judge to identify any cases pending for ninety days or more without decision and also directs:

"If you have no matters awaiting decision ninety days or more, please check here. ___"

Over the period from January 2002 to July 2004, Respondent signed and filed six reports, none of which identified any of the nine cases identified in Findings of Fact Nos. 11–77 and on all of which the box was checked representing that no ninety day old cases existed in his court.[5]

Study of Respondent's semi-annual 703 Reports for the years 2002, 2003 and 2004 (Exhibits 1–A—1–F) and the chronology of the nine cases set out in Findings of Fact Nos. 11–77 establishes that:

a) The Reports filed on January 22, 2002 (Exhibit 1–A) and on July 18, 2002 (Exhibit 1–B) appear to be accurate—at least insofar as none of the nine cases were ninety days old at the end of the applicable preceding reporting period;

b) As of December 31, 2002, Cases Nos. 5 and 6 (*Dittmer* and *Walkowski*) were more than 90 days old and therefore were required to be identified on Respondent's 703 Report filed January 21, 2003 (Exhibit 1–C). Thus Respondent's representation on that Report that "[he had] no matters awaiting decision ninety days or more" was inaccurate;

c) As of June 30, 2003, Cases Nos. 5 and 6 (*Dittmer* and *Walkowski*) were still undecided and therefore were required to be identified on Rule 703 Report filed July 20, 2003 (Exhibit 1–D). Thus, Respondent's representation on that Report that "[he had] no matters awaiting decision ninety days or more" was inaccurate;

d) As of December 31, 2003, Cases Nos. 1, 2, 5, 6, 7 and 8 (*Burr, Snyder, Dittmer, Walkowski, Peifer* and *Smith*) were more than ninety days old and were therefore required to be identified on Respondent's 703 Report filed January 19, 2004 (Exhibit 1–E). Thus, Respondent's representation on that Report that "[he had] no matters awaiting decision ninety days or more" was inaccurate;

e) As of June 30, 2004, Cases Nos. 2, 3, 4, 5, 6, 7 and 8 (*Snyder, Yanko, Fair, Dittmer, Walkowski, Peifer* and *Smith*) were more than ninety days old and were therefore required to be identified on Respondent's 703 Report filed July 19, 2004 (Exhibit 1–F). Thus, Respondent's representation on that Report that "[he had] no matters awaiting decision ninety days or more" was inaccurate; and

f) Case No. 9 (*Minehart*), though undecided by Respondent for nearly six months, became ripe for decision on April 9, 2004, and, thus, if it had been undecided by June 30, 2004 it would have been required to be reported on

---

5. See Exhibits 1A–1F to the complaint. We note that of the nine cases, five were disposed of by Respondent in February or March of 2005. It is not improbable that that phenomenon occurred by virtue of the activities of the Judicial Conduct Board in this case.

the 703 Report Respondent filed on July 19, 2004 (Exhibit 1–F); however, the case was disposed of on June 2, 2004 (Finding of Fact No. 75). Thus, Respondent's omission of this case from Exhibit 1–F was not inaccurate.

We note that no explanation is offered for Respondent's conduct in allowing cases to languish undecided for such long periods—in three of the cases, for almost three years. We do not indicate or imply that any explanation can justify such delays as these. We note that Respondent has acknowledged that the delays were unreasonable and unjustified and we take that as a straightforward acknowledgment that there is no excuse.

More important, however, is the absence of any facts in this record establishing whether the omission of the numerous ninety day old cases from the 703 Reports filed by Respondent set out *supra* was the product of Respondent's neglect or of his intent. In other words, did Respondent just forget about these cases or did he deliberately set out to deceive the Supreme Court? In any event, such evidence will be more appropriate at the sanction hearing. Whatever the case, this record establishes, clearly and convincingly, that Respondent's conduct constitutes a violation of Canon 3B.(1) of the Code of Judicial Conduct.

## IV. CONCLUSIONS OF LAW

1. The Board has established by clear and convincing evidence that Respondent's conduct in neglecting and failing to dispose of matters which were ripe for disposition for periods ranging from six months to thirty-four months in the nine cases enumerated in the Findings of Fact constitutes:

    a. neglect or failure to perform the duties of office,

    b. a violation of Canon 3A.(5) of the Code of Judicial Conduct,

    c. a violation of Section 17(b) of the Pennsylvania Constitution.

2. The Board has established by clear and convincing evidence that Respondent's conduct in filing 703 Reports on January 21, 2003 (Exhibit 1–C), July 20, 2003 (Exhibit 1–D), January 19, 2004 (Exhibit 1–E) and July 19, 2004 (Exhibit 1–F), on which he represented that he had no matters awaiting decision ninety days or more, when, in fact, he did, constitutes a violation of Canon 3B.(1) of the Code of Judicial Conduct.

3. The Respondent is subject to discipline under Article V, § 18(d)(1) of the Pennsylvania Constitution.

MUSMANNO, J., did not participate in the consideration or disposition of this case.

## ORDER

PER CURIAM.

AND NOW, this 15th day of September, 2005, based upon the Opinion filed herewith, it is hereby ORDERED:

That, pursuant to C.J.D.R.P. No. 503, the attached Opinion with Findings of Fact and Conclusions of Law be and it is hereby filed, and shall be served on the Judicial Conduct Board and upon the Respondent,

That, either party may file written objections to the Court's Conclusions of Law within ten (10) days of this Order. Said objections shall include the basis therefor and shall be served on the opposing party,

That, in the event that such objections are filed, the Court shall determine whether to entertain oral argument upon the objections, and issue an Order setting a date for such oral argument, and

That, in the event objections are not filed, within the time set forth above, the Findings of Fact and Conclusions of Law shall become final, and this Court will issue an Order setting a date, pursuant to C.J.D.R.P. No. 504, for a hearing on the issue of sanctions.

## ORDER
Nov. 18, 2005.

PER CURIAM.

AND NOW, this 18th day of November, 2005, after hearing on the question of sanctions held on November 1, 2005, before the full Court, the Court enters the following ORDER:

The Court recognizes that, since January 2000, when he took office as a Judge of the Court of Common Pleas of the Fiftieth Judicial District of Pennsylvania, Butler County, Respondent, save for the nine cases at issue here, has performed his judicial duties in a conscientious and industrious fashion, with dignity, and with courtesy toward those who appear before him.

The Respondent, however, failed to dispose of nine cases which provide the basis of the charges filed by the Judicial Conduct Board in this case, for periods of up to almost three years. Such delay in the disposition of cases is antithetical to our system *of justice*. To his credit, Respondent admitted as much and did not attempt to excuse his failure to act. We note, also, that Respondent has cooperated with the Judicial Conduct Board in its investigation of this case and has apologized for any difficulties he caused to the parties in the nine cases, as well as for any adverse reflection on the court system of the Commonwealth.

More troubling, however, is Respondent's filing *four* inaccurate semi-annual reports [703 Reports] with the Administrative Office of Pennsylvania Courts on which he failed to list cases which were more than 90 days overdue for decision. At the sanction hearing, Respondent testified that he hadn't forgotten about the cases—on the contrary they were very much on his mind; he knowingly omitted them from the 703 Reports because he couldn't face up to the fact that he was unable to decide them. We are satisfied that that is the truth of the matter; but it does not in any way serve to ameliorate the grievance to the Supreme Court, rather it serves to defeat that purpose of Rule 703 which would enable the Supreme Court, the Administrative Office of Pennsylvania Courts and Respondent's President Judge to seek and to provide a remedy for the problem; but the Supreme Court nor the Administrative Office of Pennsylvania Courts nor the President Judge cannot even address the problem if they don't know about it. As a consequence, the litigants and, as well, the judicial system have suffered.

For these reasons the Court imposes the sanction of reprimand and, in addition, ORDERS that Respondent serve a period of probation until July 31, 2007.

The conditions of probation shall be:

1. Respondent shall dispose of all matters pending before him within 90 days of the date they become ripe for decision unless there is a legitimate reason not to do so.
2. Respondent shall file 703 Reports with the Administrative Office of Pennsylvania Courts in accordance with the directives of Rule 703.
3. Respondent shall file a copy of his 703 Reports with the Judicial Conduct Board.

The Judicial Conduct Board shall file a copy of Respondent's 703 Reports with this Court and shall take appropriate measures to monitor Respondent's compliance with the conditions of his probation set out in this Order.

Nothing in this Order shall affect the President Judge of Butler County in the performance of his duties as President Judge under the supervision of the Supreme Court of Pennsylvania.

In the event Respondent fails to comply with the conditions of his probation, the Court may proceed forthwith to consider the imposition of other sanctions.

MUSMANNO, J., did not participate in the consideration or disposition of this case.